## SUPREME COURT.

JOHN F. COOK, respondent agt. JOHN A. BIDWELL, appellant.

An order for the examination of the adverse party, under section 391 of the Code, is allowed as a *matter of right, before trial,* upon showing that the action *is at issue,* and that the applicant desires such examination as to matters material to the issue.

*New York General Term, February,* 1864.

*Before* LEONARD, *P. J.,* CLERKE *and* SUTHERLAND, *Justices.*

By the court, SUTHERLAND, J. Section 390 of the Code provides, that a party to an action may be examined as a witness, at the instance of the adverse party, either at the trial or conditionally, or upon commission, "in the same manner, and subject to the same rules of examination as any other witness." The caption or heading of the following section, 391, is, "Such examination also allowed before trial—Proceedings therefor." The body of section 391 is, "the examination instead of being had at the trial, as provided in the last section, may be had at any time before the trial," at the option of the party claiming it, before a judge of the court or a county judge, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless, for good cause shown, the

judge order otherwise.   But the party to be examined shall not be compelled," &c.

The order made by the judge on the application of the plaintiff, that the defendant appear and be examined in this action as a witness, was made on an affidavit showing that the action was at issue, and stating certain other facts tending to show that the plaintiff desired such examination as to certain matters material to the issue, but the affidavit did not show that the defendant was about to leave the state, or state any other fact tending to show that he would not be able to attend the trial of the action; in other words, the affidavit did not show any right to axamine the defendant conditionally.

The question then is, whether plaintiff had an absolute right under section 391 of the Code, to examine the defendant before trial, upon simply showing that the action was at issue, and that he desired to examine the defendant as to matters material to the issue.   In my opinion he had. I think the decision in *Green* agt. *Wood* (6 *Abb.* 277), was right, so far at least as it relates to this question.   The doubt as to the construction of section 391, must have arisen from the fact that the caption to that section commences, " such examination," &c., and the body commences, " the examination," &c., when three examinations of the adverse party are mentioned in the preceding section (§ 390).   But it is plain that the words " such examination," and the words " the examination," refer to the examination of the adverse party generally, and not to either of the examinations of such party provided for in the previous section at the trial, conditionally, and upon commission.   It is plain that by section 391, it was intended to provide for another examination of the adverse party.   Any other construction of section 391 would make it useless, for the examination of the adverse party at the trial, conditionally and upon commission, is fully provided for by section 390.   Moreover, it would have been absurd to say that a party might

be examined conditionally or upon commission, at the option of his adversary, when the right to such examinations were carefully regulated by law, without repealing or abrogating such law; and it would have been useless to say that a party might be examined at the trial at the option of his adversary, after giving the right of examination at the trial. The option to be exercised by the party claiming the examination under section 391, is between the examination at the trial and before the trial. I do not see why the right to the latter examination under section 391, is not just as absolute as the right to the former under section 390. Neither examination can be had except in an action after issue, and as to matters pertinent to the issue. I do not see that the amendment in 1862, of section 399 of the Code, has any bearing on the question in this case.

The order appealed from should be affirmed, with $10 costs.

Leonard, J. I concur. The order of affirmance may fix the time for proceeding with the examination.

Clerke, J. I concur.